

IT IS SO ORDERED.
Signed January 12, 2015

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ABEL MEKKOUDI and ANDREA MEKKOUDI,<br><br>        Debtors. | Case No. 13-55492-ASW<br><br>Chapter 13 |
| ABEL MEKKOUDI and ANDREA MEKKOUDI,<br><br>        Plaintiffs,<br><br>v.<br><br>FIRST TENNESSEE BANK<br><br>        Defendant. | Adv. Pro. No. 13-05181-ASW<br><br>Hearing Date: Jan. 12, 2015<br>Hearing Time: 2:30 p.m. |

**MEMORANDUM DECISION RE DEFENDANT'S
MOTION TO VACATE PRELIMINARY INJUNCTION**

    Before the Court is the motion of Defendant First Tennessee Bank (the "Bank"), which is represented by attorney Bernard Kornberg, to vacate the preliminary injunction imposed by this Court on April 17, 2014. The motion is opposed by Debtors, who are represented by attorney Sara Lipowitz.

    Debtors, who were then represented by attorney Judson Farley, filed the underlying chapter 13 case on October 16, 2013. Debtors had filed two prior cases, one of which was pending within a year

prior to the filing of the instant case. The stay was therefore due to expire 30 days after filing. Due to an apparent oversight by Mr. Farley, no motion to extend the stay was filed, and the stay terminated. Thereafter, Debtors filed this adversary proceeding, seeking a preliminary injunction to prevent the Bank from foreclosing on its second position lien on Debtors' real property at 2050-2052 17th Avenue, Santa Cruz, CA (the "Property"). The Court granted a preliminary injunction for an indefinite period to permit Debtors time to obtain a loan modification on the first DOT and to have the Court determine the value of the real property. The Court ordered that if the loan modification was denied, counsel for the Bank could move to vacate the injunction.

    A motion to value was filed on April 17, 2014. The Bank filed an opposition, but Mr. Farley never set the matter for hearing. At the December 9, 2014 hearing, the Court set a hearing on the motion to value for February 6, 2015 at 9:00 a.m.

    In August 2014, Debtors were turned down for a loan modification. According to a letter dated August 15, 2014, which was sent to Mr. Farley by Nationstar, the servicer on the 1st Deed of Trust, the application was denied due to failure to provide requested documents. According to the declaration of Debtors filed December 9, 2014, Debtors never directly received any correspondence from Nationstar at all, let alone any letter explaining what documents were missing. Debtors also state they were unaware of the denial letter until October during a meeting with Mr. Farley. Debtors state they tried to contact Nationstar to follow up but none of the telephone numbers worked, and their email correspondence went unanswered. Debtors state they have filed a new

application for a loan modification, and attach a copy of the return receipt showing delivery to Nationstar on November 17, 2014.

In the instant motion, which was filed September 18, 2014, the Bank moves the Court to vacate the preliminary injunction because Debtors' application for a loan modification has been denied and because Debtors had not pursued their motion to value.

The hearing on the motion was initially set for October 20, 2014 but was continued to December 9, 2014, because Mr. Farley was temporarily suspended from practice, leaving Debtors without representation. Ms. Lipowitz appeared at the December 9 hearing and requested time to file a substantive response, which the Court granted. The Court also set an evidentiary hearing for February 6, 2015 on Debtors' motion to value.[1]

The Bank contends that the Court should vacate the injunction because Debtors cannot obtain a loan modification, nor can they confirm a plan based on their current income and the amount of the arrearages due on the subject loans.

However, according to Debtors' declaration in support of their opposition, Mr. Mekkoudi is now able to return to work and expects to be doing some consulting work beginning in January 2015, which will increase the Debtors' income. Additionally, as noted, Debtors have filed a new loan modification application, and the motion to value the Property is currently set for hearing on February 6.

---

[1] At the October 20 hearing Mr. Kornberg asked the Court to order that if no timely written opposition were filed, the motion to vacate would be granted. The Court did not so rule, but stated that an attorney needed to appear on behalf of Debtors on December 9, and that such attorney would ideally would have met with the Mekkoudis well before the hearing. The Court stated that it would likely grant the motion if Debtors did not appear with an attorney at the December 9 hearing.

Debtors also state they intend to file new schedules in January and supplement their pending loan modification request to reflect an anticipated increase in income due to Mr. Mekkoudi's expected new employment. The Bank argues that the evidence of new employment and of Debtor's recent loan modification application is inadequate. However, the Court accepts the unrebutted statements in Debtors' declaration.

The Court understands the Bank's exasperation with the delays that have occurred in this case. However, the Court is unwilling to penalize Debtors for the shortcomings of their former counsel, especially when the likely result is the loss of Debtors' residence. Debtors should be given the opportunity to pursue a loan modification and a lien strip now that they are represented by competent counsel, and now that it appears Debtors' income will be increasing.

For these reasons, the Bank's motion is denied without prejudice. Counsel for Debtors may submit a proposed form of order.

The Court is not making an order at this time, but wants the Debtors and Ms. Lipowitz to understand that the Court expects Debtors to follow through by filing updated schedules with the Court reflecting their new income as soon as practicable. The Court also notes that the chapter 13 trustee has moved to dismiss the underlying case for lack of prosecution, with a hearing set for February 3, 2015. Debtors should promptly take steps to address the objections to confirmation that were raised by the trustee in her most recent objection to confirmation filed February 27, 2014, and file an amended chapter 13 plan.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List**

Parties to be served electronically.